IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| WILLIAM LARRY MILLER, JR. | § | |
| VS. | § | CIVIL ACTION NO. 1:16cv327 |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Movant William Larry Miller, Jr., a federal prisoner currently confined at the United States Penitentiary located in Marion, Illinois, proceeding *pro se*, filed this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background and Prior Proceedings

On June 16, 1999, following a plea of guilty before the United States District Court for the Eastern District of Texas, movant was convicted of two counts of extortion through mail communications, in violation of 18 U.S.C. § 876. Based on his classification as a career offender, movant was sentenced to a term of 188 months' imprisonment.

Movant appealed his conviction to the United States Court of Appeals for the Fifth Circuit. The appellate court dismissed the appeal as frivolous on December 1, 2000. *See United States v. Miller,* 240 F. 3d 1074, 2000 WL 1835321, No. 00-40092 (5th Cir. Dec. 1, 2000) (unpublished).

The Motion to Vacate

Movant brings this motion to vacate arguing he is eligible for a sentence reduction based on the Supreme Court ruling in *Johnson v. United States*, 576 U.S. 591 (2015).

The Response

The respondent was ordered to show cause why relief should not be granted. The respondent contends Armed Career Criminal Act sentence enhancement held unconstitutional in *Johnson* had no effect on movant's sentence because the decision does not apply to the career offender provision of the sentencing guidelines.

Analysis

*I.     Standard of Review*

There are four separate grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255: (1) The sentence was imposed in violation of the constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; and (4) the sentence is "otherwise subject to collateral attack." *See* 28 U.S.C. § 2255(a); *see also United States v. Cates*, 952 F.2d 149, 151 (5th Cir.), *cert. denied*, 504 U.S. 962 (1992).

"Challenging a conviction and sentence with a section 2255 motion is 'fundamentally different from a direct appeal.'" *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (quoting *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992)). After conviction and exhaustion or waiver of any right to appeal, a criminal defendant is presumed to stand fairly and finally convicted. *United States v. Shaid*, 937 F.2d 228, 231-232 (5th Cir. 1991) (en banc), *cert. denied,* 502 U.S. 1076 (1992). "Thus, on collateral attack, a defendant is limited to alleging errors of a 'constitutional or jurisdictional magnitude.'" *Samuels*, 59 F.3d at 528 (quoting *Shaid*, 937 F.2d at 232). Relief under § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if condoned, would result in a complete miscarriage of justice. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a 28 U.S.C. § 2255 proceeding. *Id.*

II.     *Johnson v. United States*

Movant argues he is eligible for a sentence reduction based on the Supreme Court ruling in *Johnson v. United States*, 576 U.S. 591 (2015).

Under the Armed Career Criminal Act ("ACCA"), individuals who violate 28 U.S.C. § 922(g) and have three or more prior convictions for serious drug offenses or violent felonies face an increased prison term of a minimum of 15 years to a maximum of life. In *Johnson v. United States*, the Supreme Court held the "residual clause" defining violent felonies under the ACCA is unconstitutionally vague. *Johnson*, 576 U.S. at 606. The ACCA's residual clause defined "violent felony" to include an offense that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. 924(e)(2)(B)(ii). On April 18, 2016, the Supreme Court held that *Johnson's* rule was retroactive to cases on collateral review. *See Welch v. United States*, 578 U.S. 120, 130 (2016).

Movant's reliance on the decision in *Johnson*, however, is misplaced. The determination in *Johnson* has no bearing on movant's case because his sentence was not increased under the ACCA's residual clause - the only provision that *Johnson* found to be unconstitutional. *See Johnson*, 576 U.S. at 606 (calling into question only the residual clause of the ACCA). A review of the Presentence Report (PSR) in this case reveals there were no adjustments under the Armed Career Criminal guideline, U.S.S.G. § 4B1.4. Accordingly, *Johnson* does not affect movant's sentence and his claim is without merit.

Further, even liberally interpreting movant's claim as a challenge to his sentence under the career offender provision of the United States Sentencing Guidelines, he is entitled to no relief. While movant was sentenced as a career offender under U.S.S.G. § 4B1.1, the Supreme Court decided that the vagueness challenge at issue in *Johnson* could not be made to similar provisions of the Sentencing Guidelines because the Guidelines are advisory, not mandatory. *See Beckles v. United States*, ___ U.S. ___, 137 S.Ct. 886, 892-95, 197 L.Ed.2d 145 (2017).

Here, however, movant was sentenced in 1999 under a mandatory sentencing scheme before the decision in *United States v. Booker*, 543 U.S. 200 (2005). In *United States v. London*, the Fifth Circuit denied as untimely London's § 2255 motion arguing that his pre-*Booker* sentence imposed under the residual clause of the career offender guideline was unconstitutional under *Johnson* because he failed to assert a right recognized in *Johnson*. *See United States v. London*, 937 F. 3d 502, 509 (5th Cir. 2019), *cert. denied*, ___ U.S. ___, 140 S.Ct. 1140, 206 L.Ed.2d 197 (2020). "This asserted right . . . is not *dictated* by *Johnson* . . . . The Supreme Court has yet to decide whether a vagueness challenge can be raised under the pre-*Booker* Sentencing Guidelines." *Id.* at 507. Thus, any challenge movant could make as to the mandatory nature of his pre-*Booker* sentence would be untimely, as in *London*.[1] Accordingly, *Johnson* affords movant no relief under the circumstances in this case.

## Recommendation

Movant's motion to vacate, set aside or correct sentence should be denied and dismissed.

## Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United*

---

[1] Movant's appeal was dismissed as frivolous on December 1, 2000. Movant did not file a petition for writ of certiorari; therefore, his conviction became final on March 1, 2001. *See United States v. Plascencia*, 537 F.3d 385, 388-89 (5th Cir. 2008). Thus, movant's motion to vacate, set aside or correct sentence was due on or before March 1, 2002. *See* 28 U.S.C. § 2255(f)(1). As a result, the above-styled motion, filed on August 10, 2016, is barred by limitations.

*Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

      SIGNED this 26th day of May, 2022.

                                                    _____
                                                  Zack Hawthorn
                                                  United States Magistrate Judge